IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RONALD LEE WEST,**

      **Plaintiff,**

vs.                                                                                                      No. CIV 00-1329 LCS

**STATE OF NEW MEXICO, CITY
OF ROSWELL, BOARD OF COUNTY
COMMISSIONERS, JODY SCIFRES,
STEVE MEREDITH, STAN JORDAN,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** came before the Court on Defendant State of New Mexico's Motions to Dismiss I and II (Docs. 12 &13), filed November 20, 2000, and Plaintiff's Motion to Amend Complaint, Correct Caption, Motion to Dismiss State of New Mexico; Board of County Commissioners; Steve Meredith, and Stan Jordan (Doc. 16), filed November 24, 2000. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the pleadings, briefs, relevant law, and being otherwise fully advised, finds that these Motions are well-taken in part and should be **GRANTED AND DENIED IN PART**.

**I.    Background.**

      Plaintiff alleges that, on July 11, 1999, he was waiting in line at a Wendy's Restaurant in Roswell, New Mexico with his wife and two children. (Compl. ¶¶ 6-7.) Defendant Scifres, a Roswell Police Department Detective who was not in uniform, wrongfully accused Plaintiff of striking his wife in the chest. (Compl. ¶¶ 8-9.) Despite the denials of both Plaintiff and his wife, Scifres summoned Defendants Meredith and Jordan, uniformed Roswell Police Officers. (Compl. ¶¶ 10-11.) Defendants

Meredith and Jordan placed Plaintiff under arrest and transported him to the Chaves County Detention Center, where he was held for thirty hours until he could make bail. (Compl. ¶¶ 11-12.) The charges were subsequently summarily dismissed, but not before Plaintiff retained defense counsel at considerable expense. (Compl. ¶¶ 12-14.)

On September 21, 2000, Plaintiff filed his Complaint in this Court, alleging violation of his civil rights under 42 U.S.C. § 1983, and supplemental claims for wrongful arrest and malicious prosecution under the New Mexico Tort Claims Act.

On November 20, 2000, Defendant State of New Mexico filed its Motions to Dismiss, arguing that the Complaint failed to state a claim with respect to the State, sovereign immunity and Eleventh Amendment immunity. Plaintiff responded that the State of New Mexico had been named as a Defendant through a clerical error and should be dismissed. Because Plaintiff does not oppose dismissal, the Court finds that Defendant State of New Mexico's Motions to Dismiss should be granted.

In his Motion to Amend Complaint, Correct Caption, Motion to Dismiss State of New Mexico; Board of County Commissioners; Steve Meredith and Stan Jordan, Plaintiff states that his claims against the Board of Count Commissioners and Officers Meredith and Jordan should be dismissed. These Defendants do not oppose Plaintiff's Motion. Therefore, the claims against the Board of County Commissioners, Steve Meredith and Stan Jordan should be dismissed.

Plaintiff moves to amend his Complaint to add the Board of Councilmen for the City of Roswell as Defendants. Defendants City of Roswell and Scifres oppose the Motion to Amend on the basis of futility. After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse party. Fed.R.Civ.P. 15(a). Leave of the

court shall be freely granted when justice so requires. *Id.* However, if the court determines there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied. *Foman v. Davis*, 371 U.S. 178 (1962).

Defendants City of Roswell and Scifres argue that the Motion to Amend Complaint should be denied on the basis of futility. A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir.1992). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). An amendment is futile if the proposed amended complaint would not survive either a motion to dismiss or a motion for summary judgment. *See Bauchman v. West High Sch.,* 132 F.3d 542, 562 (10th Cir. 1997); *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989). Unless a proposed amendment is clearly futile, conjecture about the merits of the amendment should not enter the decision of whether the grant leave to amend. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) Accordingly, I will review Plaintiff's proposed amendment solely to determine if action on it would be futile.

Plaintiff seeks to add the Board of Councilmen for the City of Roswell. Under 42 U.S.C. § 1983, a municipality may be held liable for the constitutional violation of its employee only when the employee acted pursuant to official municipal policy and caused a constitutional tort. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir.1998). In order to establish municipal liability a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation

alleged.  *See Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir.1997); *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir.1996). Alternatively, municipal liability may arise where the official charged with wrongdoing has "final policy making authority" with respect to the acts in question as a matter of state law.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (plurality).  In both his original Complaint and the proposed Amended Complaint, Plaintiff alleges absolutely no facts to support a claim for municipal liability under 42 U.S.C. § 1983.  Plaintiff has had two opportunities to state a claim for municipal liability.  The proposed Amended Complaint would not withstand a motion to dismiss. *See Ketchum*, 961 F.2d at 920. Under these circumstances, the Motion to Amend Complaint should be denied as futile.

Defendants City of Roswell and Scifres assert that amendment with respect to Plaintiff's state law claims would be futile because he failed to give timely notice as required by the New Mexico Tort Claims Act (NMTCA).  *See* NMSA § 41-4-16 (written notice required within ninety days after incident).  The incident in question occurred on July 11, 1999, but it is undisputed that Plaintiff failed to give notice until October 14, 1999.  Strict compliance with the NMTCA notice requirements may be excused where the defendants have actual knowledge of their potential liability and a reasonable inference of the likelihood of suit may arise. *See Lopez v. State*, 122 N.M. 611, 930 P.2d 146 (1996). Plaintiff has failed to allege or argue that Defendants had actual knowledge of any potential liability. In fact, Plaintiff has offered no argument in reply to Defendants' assertion on untimeliness. Amendment to allow Plaintiff to allege a time-barred claim against the Board of Councilmen for the City of Roswell would be futile.  Accordingly, the Motion to Amend Complaint should be denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant State of New Mexico's Motion to Dismiss I (Doc. 12),

filed November 20, 2000, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant State of New Mexico's Motion to Dismiss II (Doc. 13), filed November 20, 2000, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the State of New Mexico are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Plaintiff's claims against the Board of County Commissioners, Steve Meredith and Stan Jordan are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint, Correct Caption, Motion to Dismiss State of New Mexico; Board of County Commissioners; Steve Meredith, and Stan Jordan (Doc. 16), filed November 24, 2000, is **DENIED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**