IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RONALD LEE WEST,**

        **Plaintiff,**

vs.                                                                                                        No. CIV 00-1329 LCS

**JODY SCIFRES,**

        **Defendants.**

**MEMORANDUM OPINION**

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment Based on Qualified Immunity (Doc. 37), filed on April 3, 2001. The Court, acting upon consent and designation pursuant 28 U.S.C. § 636, and having considered the submissions of counsel, relevant law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED IN PART**.

**I.  Background.**

The following statement of facts is set forth in the light most favorable to Plaintiff, with all reasonable inferences from the record drawn in his favor. *See Clanton v. Cooper*, 129 F.3d 1147, 1150 (10th Cir.1997). In his Complaint, Plaintiff alleges that, on July 11, 1999, he was waiting in line at a Wendy's Restaurant in Roswell, New Mexico with his wife and two children. (Compl. ¶¶ 6-7.) Defendant Scifres, a Roswell Police Department Detective who was not in uniform, wrongfully accused Plaintiff of striking his wife in the chest. (Compl. ¶¶ 8-9.) Despite the denials of both Plaintiff and his wife, Scifres summoned Roswell Police Officers Steve Meredith and Stan Jordan.

(Compl. ¶¶ 10-11.) Officers Meredith and Jordan placed Plaintiff under arrest and transported him to the Chaves County Detention Center, where he was held for thirty hours until he could make bail. (Compl. ¶¶ 11-12.) The charges were subsequently summarily dismissed, but not before Plaintiff retained defense counsel at considerable expense. (Compl. ¶¶ 12-14.)

In his affidavit, Defendant Scifres, an officer with the Roswell Police Department for nine years, (Def.'s Undisp. Facts ¶¶ 1-2), states that he was off duty and out of uniform, driving an unmarked police car on Main Street on July 11, 1999. (Def.'s Undisp. Facts ¶ 4; Def. Ex. A ¶ 4). As he drove by the Wendy's Restaurant parking lot, Defendant observed a man hit a female in the chest. (Def. Ex. A ¶ 3.) Defendant called on his police radio for assistance, turned around, parked in the Wendy's lot, and watched the couple children enter the restaurant with their young children. (*Id.*) As Defendant Scifres watched, one of the children, a boy, came outside and stood by a blue station wagon, visibly upset. (*Id.*)

After Officer Steve Meredith arrived, Defendant and Officer Meredith went inside the Wendy's and Defendant pointed out the female who had been struck. (Def. Ex. A ¶ 3.) Officer Meredith asked the woman, Plaintiff's wife, Michelle West, to step outside. (*Id.*) According to Defendant, Mrs. West at first stated that she and Plaintiff had been playing around. (Def. Ex. 1 ¶ 4.) Upon further questioning, Mrs. West stated that she and her husband had been arguing about money and that she "smarted off to her husband and he hit her because she deserved it." (*Id.*) Defendant states that he did not arrest Plaintiff, but that Officer Meredith arrested Plaintiff. (*Id.*)

In his report, Officer Meredith states that he and Officer Stan Jordan were dispatched to the Wendy's to respond to a domestic battery that Defendant Scifres had witnessed. (Def. Ex. A.) Upon arrival, Defendant Scifres advised Officer Meredith that he had observed a man and a woman arguing

2

in the parking lot, and that the man struck the woman in the chest with a closed fist, knocking her backwards. (*Id.*) Officer Meredith and Defendant Scifres entered the Wendy's and contacted Mrs. West. (*Id.*) Officer Meredith states that Mrs. West explained that she had been arguing with her husband about money, that her husband struck her in the chest, but that she could handle it and was all right. (*Id.*) Officer Meredith states that Plaintiff admitted that he struck his wife in the chest, but that he was only playing with her and that they hit each other all the time. (Def. Ex. A.) Officer Meredith then placed Plaintiff under arrest and transported him to the police department. (*Id.*)

Officer Meredith filed a statement of probable cause with the Chaves County Magistrate Court, relating the facts leading up to Plaintiff's arrest as set out in the police report. (Def. Ex. A.) In the statement of probable cause, Officer Meredith certified that he placed Plaintiff under arrest for Battery Against a Household Member contrary to NMSA § 30-3-15. The Magistrate Court Adult Arrest Report lists Officer Meredith as the arresting officer. (*Id.*)

In her affidavit, Mrs. West states that she went to the Wendy's Restaurant in Roswell with her husband and children for lunch. (Aff. of Michelle West ¶ 6.) Mrs. West states that she and Plaintiff "engaged in some horseplay outside the restaurant by it was not done in an angry [or] abusive manner." (Aff. of Michelle West ¶ 7.) While they were in line, Mrs. West states that they "were accosted by a person who identified himself as a Roswell Police Officer although he was not in uniform and refused to show [them] any identification." (Aff. of Michelle West ¶ 8.) Mrs. West was instructed to go outside with the "officers." (Aff. of Michelle West ¶ 9.) Mrs. West told the officers that no battery had occurred and that she was not in need of police assistance, but that the police ignored her statements, hand-cuffed Plaintiff and took him to the police station. (Aff. of Michelle West ¶ 10.)

3

On September 21, 2000, Plaintiff filed his Complaint in this Court, alleging violation of his civil rights under 42 U.S.C. § 1983, and supplemental claims for wrongful arrest and malicious prosecution under the New Mexico Tort Claims Act against Defendant Scifres, Officers Meredith and Jordan, City of Roswell, Board of County Commissioners and the State of New Mexico. On November 20, 2000, Defendant State of New Mexico filed Motions to Dismiss, arguing that the Complaint should be dismissed based on failure to state a claim, sovereign immunity and Eleventh Amendment immunity. Plaintiff responded that the State of New Mexico had been named as a Defendant through a clerical error and should be dismissed. On January 4, 2001, the Court granted Defendant State of New Mexico's unopposed Motions to Dismiss.

Plaintiff filed a Motion to Amend Complaint, Correct Caption, and Motion to Dismiss State of New Mexico, Board of County Commissioners, Steve Meredith and Stan Jordan, asserting that his claims against the Board of County Commissioners and Officers Meredith and Jordan should be dismissed. On January 4, 2001, the Court dismissed Plaintiff's claims against these Defendants and denied Plaintiff's motion to amend complaint to allege a claim against the Board of Councilmen for the City of Roswell. On June 15, 2001, Plaintiff's claims against the City of Roswell were dismissed by stipulation, leaving Scifres as the sole defendant.

Defendant Scifres argues that he is entitled to summary judgment because he did not arrest or charge Plaintiff and because he is entitled to qualified immunity. Plaintiff responds that there are disputed issues of material fact and there has been no showing of exigent circumstances.

**II.    Standard**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV.

4

P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F. 3d 1321, 1326 (10th Cir. 1999).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F. 3d 1193, 1201 (10th Cir. 1999).

**III.    Analysis**

Defendant argues that he is entitled to summary judgment because he did not arrest or charge Plaintiff. It is axiomatic that liability under §1983 for false arrest or malicious prosecution arises only against an official who participates in the arrest or prosecution. *See Sappington v. Bartee*, 195 F. 3d 234, 237 (5th Cir.1999). The state law tort of false arrest implies that the defendant official be actively involved in the arrest, rather than merely the underlying investigation. *See Johnson v. Weast,* 123 N.M. 470, 474, 943 P.2d 117, 121 (Ct. App. 1997). Similarly, the primary element of the state tort of malicious prosecution, now known as malicious abuse of process, is initiation of judicial

proceedings against Plaintiff. *See DeVaney v. Thriftway Mktg. Corp.*, 124 N.M. 512, 518, 953 P.2d 277, 283 (1998).

Defendant has come forward with evidence demonstrating that Officer Scifres was not the arresting officer and did not charge Plaintiff. The police report, supplemental report, and court documents all establish that Officer Meredith was the arresting officer. (Def. Ex. A.) Defendant has satisfied the initial burden of establishing that no genuine issue exists as to any material fact. *See Celotex*, 477 U.S. at 323. Thus, the burden shifted to Plaintiff to demonstrate a genuine issue for trial on a material matter. *See McGarry*, 175 F. 3d at 1201.

In support of his response, Plaintiff submitted the only affidavit of Michelle West and the police reports. A noted above, the police reports establish that Officer Meredith was the arresting officer. In her affidavit, Mrs. West states that Plaintiff was arrested by "police." (Pl. Aff. ¶ 10.) Plaintiff submitted no evidence indicating that he was arrested or charged by Defendant Scifres. The Complaint contains no allegations of conspiracy. Under these circumstances, Defendant Scifres is entitled to summary judgment because he was not the arresting officer.

Defendant further argues that, even if he had arrested Plaintiff, he would be entitled to qualified immunity because Plaintiff's arrest was supported by probable cause. A government official is entitled to qualified immunity from civil damages when his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In evaluating a claim of qualified immunity, the first question is whether the plaintiff has asserted a violation of a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. ____, 121 S.Ct. 2151, 2156, 63 U.S.L.W 3329 (2001); *Garramone v. Romo*, 94 F. 3d 1446, 1449 (10th Cir.1996). If the plaintiff has asserted a violation of a constitutional

or statutory right, then the question becomes whether that right was clearly established such that a reasonable person in the defendant's position would have known that his conduct violated the right. *See Saucier*, 121 S.Ct. at 2159; *Garramone,* 94 F. 3d at 1449 (*citing Siegert v. Gilley*, 500 U.S. 226, 231 (1991)).

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Plaintiff has alleged deprivation of his Fourth Amendment right to be free from a warrantless arrest without probable case. Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to a warrantless arrest without probable cause. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964); *see also Atwater v. Lago Vista*, 533 U.S. \_\_\_\_, \_\_\_\_, 121 S.Ct. 1536, 1557, 69 U.S.L.W. 6249 (2001). Plaintiff has alleged the deprivation of an actual constitutional right that was clearly established on July 11, 1999. The question then becomes whether there was probable cause for Plaintiff's arrest.

Probable cause exists if at the moment the arrest was made the facts and circumstances within the arresting officer's knowledge, and of which the officer had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that the arrestee had violated the law. *See Hunter v. Bryant*, 502 U.S. 224, 228 (1991). Even if probable cause did not exist, the arresting officer is immune from suit if a reasonable officer could have believed the arrest to be lawful, in light of clearly established law and the information the officer possessed. *Id.* at 227. In other words, a law enforcement official who "'reasonably but mistakenly conclude[s] that probable cause is present'" is entitled to immunity. *Id*. (*quoting Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). The primary question therefore is whether, based on the facts and circumstances known at the time of the arrest, a reasonable officer could have believed that there was probable cause to arrest Plaintiff.

7

Officer Meredith arrested and charged Plaintiff with battery of a household member. (Def. Ex. A.) Battery is the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner against a household member. *State v. Trujillo*, 126 F. 3d 603, 607, 973 P.2d 855, 859 (Ct. App. 1998). Officer Meredith received a report that Defendant Scifres observed Plaintiff punching his wife outside the Wendy's. Upon questioning, Plaintiff's wife admitted that she and Plaintiff engaged in "horseplay" in the parking lot. (Pl. Aff. ¶ 7.) Plaintiff admitted that he struck his wife in the chest, but that he was only playing with her and that they hit each other all the time. (Def. Ex. A.)

When applying the summary judgment standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms*, 165 F. 3d at 1326. Assuming that the couple was engaged in innocent horseplay, rather than fighting, it still appeared to Defendant Scifres that Plaintiff hit his wife. Plaintiff does not dispute that Defendant Scifres observed Plaintiff strike his wife in the chest; Plaintiff merely disputes the intent attributed to him. The subjective intent behind Plaintiff's action does not change the fact that Defendant Scifres saw Plaintiff strike his wife in the chest.

Defendant Scifres reported his observations to dispatch and to Officer Meredith. Police officers are entitled to rely upon information relayed to them by other officers in determining whether there is probable cause to arrest. *See Oliver v. Woods*, 209 F. 2d 1179, 1190 (10th Cir. 2000); *United States v. Klein*, 93 F. 3d 698, 701 (10th Cir.1996); *United States v. Maestas*, 2 F. 3d 1485, 1493 (10th Cir.1993). Officer Meredith properly relied on the information shared by Defendant Scifres. Officer Meredith also performed his own investigation by questioning Plaintiff and his wife. Both Plaintiff and his wife admitted that they engaged in "horseplay" in the parking lot; neither denied

that the blow was struck. Based on the facts and circumstances known to Officer Meredith at the time of the arrest, a reasonable officer could have believed that there was probable cause to arrest Plaintiff for battery. *See Saucier v. Katz*, 533 U.S. at ____, 121 S.Ct. at 2156. Officer Meredith had probable cause to arrest Plaintiff.

Defendant has met his burden of establishing that Officer Meredith had probable cause to arrest Plaintiff. Once Defendant satisfied his initial burden, in order to resist summary judgment, Plaintiff was required to set forth specific facts showing there is a genuine issue for trial as to a dispositive matter. *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586. Plaintiff failed to produce specific, material facts negating Defendant's showing of probable cause.[1] Thus, Defendant's Motion for Summary Judgment should be granted on the basis of qualified immunity.

Plaintiff argues that New Mexico law requires exigent circumstances in addition to probable cause to justify a warrantless arrest. The New Mexico Constitution may give rise to standards different than those arising under the United States Constitution. *See State v. Cardenas-Alvarez*, ____ N.M. ___, ____ P.2d ____, 2001 WL 57993, 2001-NMSC- 017 (Apr. 30, 2001). Plaintiff mentioned the New Mexico Constitution in his Complaint. Specifically, the Complaint seeks "redress for violation of his constitutional rights guaranteed by the Constitution of the United States and the State of New Mexico; 42 U.S.C. § 1983 and the New Mexico Tort Claims Act." (Compl.) It also alleges supplemental jurisdiction claims for wrongful arrest and malicious prosecution under the New Mexico Tort Claims Act. The Complaint neither specifies what claims were brought under the New

---

[1] At a status conference on May 23, 2001, counsel for Plaintiff argued that Defendant Scifres was liable under a "team concept." This theory was neither pled nor argued. In any event, if the team concept theory had been pled or argued, it would not materially alter the result because there was probable cause to arrest Plaintiff.

9

Mexico Constitution, nor offers a legal mechanism providing for recovery of damages.

Jurisdiction in this action was founded solely upon 28 U.S.C. § 1331 (federal question). The sole federal question was based on §1983. Section 1983 applies to persons who deprive others of a right under the United States Constitution or the laws of the United States and who act under color of state law. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Thus, §1983 is inapplicable to Plaintiff's claims under the state constitution. As this case was at a relatively early stage of pretrial development, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims under the New Mexico Constitution. *See* 28 U.S.C. § 1367(c)(3); *Gold v. Local 7 United Food and Commercial Workers Union,* 159 F. 3d 1307, 1301 (10th Cir. 1999). Therefore, any claim under the New Mexico Constitution shall be dismissed without prejudice.

### IV. Conclusion.

Upon review of the evidence presented on this Motion for Summary Judgment, the Court has determined that Defendants' Motion for Summary Judgment Based on Qualified Immunity (Doc. 37), filed on April 3, 2001, shall be **GRANTED IN PART.** Defendant is entitled to summary judgment with respect to Plaintiff's claims under 42 U.S.C. § 1983, and supplemental claims false arrest, malicious prosecution, and malicious abuse of process. Any claim arising under the New Mexico Constitution shall be dismissed without prejudice.

**AN ORDER CONSISTENT WITH THIS OPINION SHALL ISSUE.**

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**